IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82915-TLS |
| | ) | |
| RICHARD H. LIND and | ) | CH. 11 |
| CHRISTINE M. LIND, | ) | |
| | ) | |
| Debtors. | ) | |

### ORDER

Hearing was held in Omaha, Nebraska, on May 23, 2011, on a motion to allow filing a claim out of time filed by Deutsche Bank National Trust Company (Fil. #88), an objection thereto filed by Omaha State Bank (Fil. #94), and a response filed by Deutsche Bank (Fil. #103). David G. Hicks appeared for Debtors, Pamela Leonard appeared for Deutsche Bank National Trust Company ("Deutsche Bank"), and Joel Carney appeared for Omaha State Bank. Evidence was admitted, and this matter was taken under advisement.

Deutsche Bank has filed this motion seeking to file a second amended proof of claim. The proof of claim deadline in this case was February 21, 2010. Deutsche Bank timely filed its original proof of claim as a creditor secured by Debtors' residence on November 10, 2009, in the amount of $379,468.54. That amount consisted of all principal plus $300.00 for bankruptcy related fees. On December 3, 2009, Deutsche Bank timely filed an amended proof of claim in the amount of $393,284.93. This proof of claim added interest, late charges, and attorney fees to the claim amount. On March 2, 2011, Deutsche Bank filed another amended proof of claim, this time in the amount of $465,639.78. The calculation of that claim reduces the principal balance somewhat (apparently as a result of post-petition payments made by Debtors), adds additional interest through November 10, 2010, and includes late charges and bankruptcy fees. The amended proof of claim also includes $51,165.44 as an "escrow advance." Accordingly, since the second amended proof of claim was filed well beyond the deadline for filing a proof of claim, court approval is necessary.

Deutsche Bank's motion requests an order allowing the March 2, 2011, amended proof of claim. The motion fails to indicate any explanation as to why the amendment needs to be filed or as to why Deutsche Bank failed to do so prior to the termination of the claim filing deadline. Further, Deutsche Bank presented no evidence at the hearing, but did argue in its response that the increased amount of its proof of claim since December 2009 is a direct result of Debtors' failure to make payments resulting in additional interest and late charges, as well as escrow advances to pay real estate taxes.

Omaha State Bank, a creditor holding a lien in the sale proceeds junior to that of Deutsche Bank, objects to the motion by Deutsche Bank to allow its March 2, 2011, proof of claim. Omaha State Bank points out that the property securing the claims was sold free and clear of liens pursuant to a motion filed by Debtors and the net proceeds of the sale ($551,237.28) were paid into the registry of the court pending distribution to the secured creditors. Omaha State Bank argues that in consenting to the sale of the subject property, it relied upon the proof of claim of record in

November 2010, and that it is prejudiced by the substantial increases Deutsche Bank is now asking for its claim. Omaha State Bank also argues that Deutsche Bank should not be allowed to include its bankruptcy, foreclosure, and other fees. Omaha State Bank believes that Deutsche Bank should only be entitled to its principal and interest as set forth in Deutsche Bank's treatment under Debtors' confirmed plan.

Omaha State Bank objection is misplaced. The proceeds being held in the registry of the court resulted from Debtors' expedited motion to sell asset out of the ordinary course of business which was filed on November 10, 2010 (Fil. #69). That motion expressly provides that there are multiple liens on the property and "there may or may not be sufficient proceeds to pay them in full." It goes on to say "[h]owever, there is more than enough sale proceeds from this purchase to pay the first lienholder in full." Thus, the sale motion was premised upon the first lienholder, Deutsche Bank, being paid "in full". After the sale closed, the proceeds were paid into the registry of the court for distribution pursuant to the Chapter 11 plan. Debtors filed their Chapter 11 plan shortly thereafter on January 25, 2011 (Fil. #82). The plan provides the following with respect to Deutsche Bank:

## ARTICLE II

### Identification of Impaired and Unimpaired Claims and Interests

(a) - **Unimpaired Claims and Interests**. Class 1 is an unimpaired class. This class is thus deemed to have accepted the Plan and Debtors as Plan proponents shall not seek acceptance of the Plan from Class 1.

Further, Article IV provides for the treatment of unimpaired claims as follows:

## ARTICLE IV

### Treatment of Unimpaired Claims

**(a) Class 1.**    Class 1 consists of the unimpaired claim of Deutsche Bank National Trust Company, c/o PHH Mortgage Corporation ("Deutsche"). This claim is secured by a first mortgage on the Debtors' homestead and principal residence. Monthly installment payments were current as of the Order for Relief herein. Significant post petition payments were made as adequate protection, which sums were sufficient to compensate for the difference between Proof of Claim No. 6 and a subsequent higher amount in an amended claim. Accordingly, Proof of Claim No. 6, filed November 10th, 2009 in the amount of $379,468.54 shall be paid in full with interest at the rate of 6.375% as provided on the underlying promissory note, deed of trust and related mortgage documents.

This sum, with interest accumulated from date of filing through date of this Plan, is $405,846.68. This sum shall be paid in one lump sum distribution on the Effective Date of the Plan from the funds in the Court's Registry.

Upon receipt of the funds, Deutsche shall immediately execute and file all appropriate releases of liens, reconveyances of deeds of trust, satisfactions of promissory notes and the like.

The plan was subsequently confirmed (Fil. #92).

Certainly, the plan is not exactly a model of clarity with respect to its treatment of Deutsche Bank. However, it is premised upon Deutsche Bank being paid in full and Deutsche Bank being "unimpaired." Under Nebraska law, it is quite clear that the holder of a deed of trust may include all costs and expenses of exercising its power of sale when calculating the balance due after a default. Neb. Rev. Stat. § 76-1012. Omaha State Bank does not argue that the fees and costs were not properly incurred. Thus, Omaha State Bank's assertions that Deutsche Bank should not be entitled to include such fees and charges is overruled.

The remainder of the proposed amended claim deals with interest that has accrued and with asserted advances for real estate taxes. Omaha State Bank has no legal basis to argue that Deutsche Bank is not entitled to collect the interest on its claim. The right to interest is implicit when a motion states that the claim is to be paid in full, and the plan clearly states that interest will be paid. Unfortunately, Deutsche Bank failed to present any evidence to support its calculation of the interest that is due.

Furthermore, to the extent Deutsche Bank advanced the payment of delinquent real estate taxes for the property, such action increased the net proceeds available for the lenders at closing. If Deutsche Bank had not advanced real estate taxes, and the real estate taxes were delinquent, the lien of the taxes would have priority under Nebraska law over both Omaha State Bank and Deutsche Bank, and would have been paid out of the sale closing proceeds, thereby reducing the amount paid into the court registry. Therefore, the inclusion of any delinquent real estate taxes advanced by Deutsche Bank in its proof of claim and its payoff amount does not prejudice Omaha State Bank.[1] Again, unfortunately, Deutsche Bank presented no evidence with respect to its advances. Since Deutsche Bank failed to produce any evidence regarding the escrow advances it made and the necessity for those advances, it is impossible to determine the appropriate amount that should be paid to Deutsche Bank out of the closing proceeds.

---

[1]There was some mention at the hearing that perhaps a portion of the taxes advanced by Deutsche Bank were duplicative and should not have been advanced. To the extent any such unnecessary payment was made, Omaha State Bank may be able to show detriment.

IT IS, THEREFORE, ORDERED: For the reasons set forth above, Deutsche Bank is entitled to amend its proof of claim. Deutsche Bank is given until June 3, 2011, to file an affidavit which details its calculation of interest and its asserted escrow advances that it wishes to be included, as well as any other amounts that it wishes to be included in its proof of claim. Omaha State Bank shall have until June 10, 2011, to file any resistance thereto. Upon such submissions, a supplemental Order will be issued.

In the meantime, this court instructs Omaha State Bank, Deutsche Bank, and Debtors to work together on a potential stipulation that would allow undisputed amounts (such as the principal balance, among others) to be disbursed to Deutsche Bank in order to prevent the further accrual of interest.

DATED:  May 26, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
     David G. Hicks
     *Pamela Leonard
     Joel Carney
     United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.