IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82915-TLS |
| | ) | |
| RICHARD H. LIND and | ) | CH. 11 |
| CHRISTINE M. LIND, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on July 25, 2011, on a motion to reconsider (Fil. #139) filed by Omaha State Bank ("OSB"), and a response (Fil. #141) filed by PHH Mortgage, as servicer for Deutsche Bank National Trust Company ("PHH"); and a motion to release funds from the court registry (Fil. #136) filed by PHH, and a resistance (Fil. #137) filed by OSB. David G. Hicks appeared for Debtors, Joel Carney appeared for OSB, and Pamela Leonard appeared for PHH. At the hearing, the court gave PHH until August 8, 2011, to file further documentary evidence of the escrow disbursements in dispute.

This order represents the latest in a series of orders dealing with the proceeds of real property formerly owned by Debtors.

On the date of bankruptcy filing, Debtors were the owners of real property located at 4610 Lake Forest Drive, Papillion, Nebraska. On November 10, 2010, Debtors filed an expedited motion to sell that property (Fil. #69). The motion indicated that all creditors having a security interest in the property had consented to the sale, with liens attaching to the proceeds of the sale. No resistance was filed, and the motion was granted (Fil. #74). The order provided that Debtors had the authority to sell the property free and clear of liens and that the net proceeds of the sale would be paid into the court's registry and held in an interest-bearing account. The order further provided that the secured creditor liens would attach to the net proceeds in the same order and priority and that the court would determine the validity, priority, and extent of the liens and claims. On November 24, 2010, the net proceeds of the property sale in the amount of $551,237.28 were paid into the court registry. Debtors' Chapter 11 plan was subsequently confirmed on March 22, 2011.

Thereafter, PHH filed a motion to allow the filing of a claim out of time (Fil. #88). In actuality, that was a motion to allow PHH to amend its timely-filed claim. OSB objected (Fil. #94). After the hearing, this court entered its order (Fil. #121) on May 26, 2011, granting the motion of PHH to file a late amendment to its proof of claim. The order further gave PHH a deadline to file affidavit evidence which details its calculation of interest and escrow advances to be included in its amended proof of claim. Upon filing that additional information, this court entered its supplemental docket order (Fil. #129) overruling OSB's objection to the amended proof of claim. The clerk later issued a docket entry denying the claim objection on June 16, 2011 (Fil. #130).

PHH thereafter filed a motion to release funds from the court registry (Fil. #136) to which OSB filed a resistance (Fil. #137). On June 30, 2011, OSB filed a motion to reconsider (Fil. #139), and PHH filed its response (Fil. #141).

At the hearing, PHH first argued that OSB's motion to reconsider was untimely. A motion to reconsider is treated as a motion for new trial or a motion to amend judgment under Bankruptcy Rule 9023. Such a motion must be filed no later than 14 days after entry of the judgment. Here, this court issued its supplemental order on June 13, 2011. The fourteenth day thereafter was June 27, 2011. However, following the issuance of the supplemental order, the clerk of the court entered a docket entry "Order Denying Objection to Claim" (Fil. #130) stating that the objection was denied for the reasons set forth in the court's supplemental order. The fourteenth day thereafter was June 30, 2011, which is the date that the motion to reconsider was filed. Therefore, the motion to reconsider is timely.

On the merits of the motion, OSB argued that this court erred in allowing PHH to include in its proof of claim an escrow disbursement for real estate taxes in the amount of $8,329.79 paid by PHH on or about February 22, 2011. Essentially, OSB is saying that such payment by PHH was unnecessary to protect the lien of PHH because the property securing PHH's claim had been sold months earlier and the proceeds paid into the court. OSB's argument is well taken. The only reason a mortgage lender would need to advance real estate taxes is to protect its security. In this case, PHH was on notice in November 2010 that its security property had been sold and the proceeds thereof paid into the court registry. PHH had consented to the sale and the transfer of its lien to the proceeds of the sale. On February 22, 2011, when PHH paid the real estate taxes, the real property was no longer owned by Debtors and PHH no longer had a lien on the real property. Instead, PHH had a lien on the proceeds in the court registry. Thus, the advancing of real estate taxes by PHH in February 2011 was unnecessary to protect the interests of PHH and, therefore, should not be included in PHH's proof of claim.[1]

OSB also argues that PHH has failed to provide adequate substantiation for two other escrow advances it claims to have made. Specifically, PHH claims to have made escrow disbursements of $2,805.50 on February 20, 2009, and $7,780.72 on April 13, 2009. PHH failed to provide proof of payment at the hearing, but was given the post-hearing opportunity to provide documentary evidence of those two escrow advances. PHH did subsequently provide a copy of the check dated April 13, 2009, payable to the Sarpy County Register of Deeds. Accordingly, there cannot be any real dispute that such payment was made by PHH. On the other hand, PHH failed, despite numerous opportunities, to provide any evidence that it paid taxes in the amount of $2,805.50 on or about February 20, 2011.

---

[1] In fact, it is not even clear that such funds were actually paid by PHH. The check copy that PHH submitted after the hearing shows a payment of $48,349.50 to the Sarpy County Treasurer by the tax service used by PHH–Mortgage Service Center. It is not clear whether the asserted amount of $8,329.79 is included in that batch payment. Further, the copy of the back of that check shows it was endorsed by Mortgage Service Center, not by Sarpy County.

IT IS, THEREFORE, ORDERED THAT:

1. The motion to reconsider (Fil. #139) is granted and OSB's objection to the claim of PHH (Fil. #126) is granted in part. The claimed escrow disbursements of $8,329.79 and $2,805.50 shall be stricken from the amount to be paid to PHH pursuant to its last amended proof of claim; and

2. The motion to release funds from the court registry (Fil. #136) is granted in part. The clerk of the court is instructed to release to PHH the sum of $454,504.49, representing the amended amount of its proof of claim, less the two escrow disbursement amounts that have been denied; and

3. Since it is unclear whether PHH is seeking additional interest above its proof of claim calculation, the remainder of the funds shall be held until further order upon motion of either party. This order shall not be final for purposes of appeal until such further order.[2]

DATE: August 9, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
	*David G. Hicks
	*Joel Carney
	*Pamela Leonard
	United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.

---

[2]Alternatively, the parties may submit a stipulated order with respect to the balance of the funds.